The next case for argument today is case number 2020-1872, the University of South Florida v. Fujifilm Medical. Mr. Arts, please proceed. Thank you, Your Honor. Good morning. May it please the Court. The District Court wrongly concluded that the exclusive license agreement between the University of South Florida and its research foundation failed to grant any rights in the 937 patent to the foundation at the time the complaint was filed. In making this finding, the District Court failed to consider clear evidence as well as the intent of the parties. First, the District Court failed to... Counsel, counsel, before you move into the detailed merits, can you start with the standard of review? What is the precise standard of review that applies under these circumstances? Is this Rule 12? Is this summary judgment? Is this after a bench trial? And what do you believe is the standard of review that ought to apply here? Yeah, this is a Rule 12. It's a question of law, basically, whether or not that there is jurisdiction. As we understand, the standard of review would be de novo, question of law. There were no factual findings that led to the jurisdictional determination by the Court. When you say there's no factual findings, is it not the case that the questions about the testimony of the 30B6 witness or the absence of the 1997 document in evidence, are those not fact findings or are there no fact findings made at this stage? If I think they're fact findings, what should the standard of review be? How does this work? Well, I don't think that there were factual findings that the Court looked at. The Court was evaluating whether or not the University of South Florida Research Foundation had, at least with respect to this issue, whether it had any rights in the 937 patent and looked at that and determined that they didn't in deciding under Rule 12H to dismiss because it didn't have jurisdiction. And that's what we're saying is error. We're asking the Court to reverse and look at de novo. Counsel, what about the questions about does the license-covered patent ensue? When was the non-pro-tunk license executed? Those are factual issues, right? As to when the license agreement was executed, that would be looking at the evidence, and I guess that that would be in and of itself a factual issue. But I don't think we're disputing about what the facts are. It's application of the facts to determine whether or not the district court had jurisdiction because there were rights that the Research Foundation had to be able to have standing before the Court under Article III. Well, didn't the district court say that there is no evidence that the license was executed before the suit was filed? Or at least made a finding that there wasn't sufficient evidence, right? The district court found that there was not sufficient evidence or that it hadn't been shown that the exclusive license agreement hadn't been signed before the complaint was filed. Do you challenge that? We do. What is your basis for challenging it? Are you arguing that the district court applied the improper standard? What is the standard that the district court should apply? Are we looking for clear error in its factual finding? Or was it supposed to weigh the facts in your favor? How does this work? That's why these questions are important. Yeah, I mean, if we're looking at it at the pleading stage, which is essentially what the court did in dismissing it as Rule 12 as opposed to summary judgment, then the court has to look at the allegations in a light most favorable to us, which it didn't. To the extent that it was making factual findings... I'm sorry, Erin, go ahead. When you say allegations in the light most favorable to you, those are the allegations in the complaint, right? Correct. And, yes, the facts and allegations... Make sure it's not, like, for summary judgment. If a witness were testifying, that would provide that evidence, that 36 testimony would have to be weighed in favor of the non-living party, right? Well, that is correct, Your Honor. And they did move for summary judgment, and the court elected not to rule on the summary judgment and instead dismissed it under Rule 12. Okay, so under Rule 12, do you get the benefit of that same procedure? Under Rule 12, am I supposed to look at the deposition testimony and weigh it in your favor or not under Rule 12? I think maybe not, but I want to know what your answer is. No, I mean, if we're looking at it under Rule 12, then what the court needs to look at is the allegations in the complaint. Similar to what we have in the Lone Star case, where the allegation in the complaint specifically was that the University of South Florida Research Foundation is the owner of the entire right, title, and interest in and to the 937 patent. So the allegations in the complaint that they were the owner of the court ultimately found, as a matter of law, that they were not the owner, and this is where the district court was incorrect, because it failed to consider and take into account certain evidence that was before the court that contradicted this determination and definitely showed that the South Florida Research Foundation had rights in the 937 patent at the time the complaint was filed. And this included the revenue allocation agreement from 1997 that expressly granted an exclusive license to the foundation in the disclosure that corresponded to the 937 patent. It also failed to consider the 1998 sublicense agreement from the Research Foundation to a company called MedDetect that acknowledged the foundation's rights and exclusive rights to the technology in the provisional that corresponded to the 937 patent. And then as well in 2014, a sublicense agreement where the foundation granted rights to a third-party company, IPX Medical, and also acknowledged that the foundation had an exclusive right in the 937 patent in 2014, all of which documentary evidence demonstrates that the foundation had rights, had a right, in the 937 patent at the time of the complaint. And the court's conclusion, as a matter of law, that they didn't is incorrect. The district court also failed to credit the testimony of the Research Foundation's corporate designee, Ms. McDevitt, that testified with respect to the exclusive license agreement. That was at issue. And the court found that the exclusive license agreement, which expressly granted an exclusive license to the foundation from the University of South Florida, the court found that there was no evidence that that was executed before the complaint was filed. But the court's basis for that was twofold. First, that there was no evidence of when it was signed, and secondly, that it didn't clearly tie or the exclusive license agreement was not clearly tied to the 937 patent. As we indicated that the... Council, I have a specific question on the topic you're addressing. Fujifilm asserts in their brief at page 22 that the court found Ms. McDevitt's testimony legally insufficient to prove the date of the non-profit license because she lacked personal knowledge. And that's where the court addressed that is at page 835. How do you respond to that specifically? I mean, she said, you know, it's my understanding that it was executed before the filing date. And the court did say that, you know, that was problematic that she was saying it with my understanding. How do you respond to that? I didn't see you address it specifically in your reply brief. Well, Ms. McDevitt, thank you, Your Honor. Ms. McDevitt was designated as the foundation's 30B6 corporate representative to testify about ownership issues with respect to the 937 patent. And that is contained at the appendix at page 9, A947, page 12, where counsel for Fuji asked her if she was prepared to testify about that particular topic. And she said that she was. And then he also asked her what she had done to prepare for the deposition. And she testified that she, and this is also on appendix A947, that she had reviewed files related to that issue. She also spoke to the general counsel at the university who was also for the foundation. And she also spoke to staff about the documents that she reviewed. So whether she had personal knowledge, she was testifying as the vice president of the corporation, specifically designated to testify about these issues and was prepared and did prepare to do so. So it's air to attribute some requirement of personal knowledge from a VP of a company who is designated to testify on corporate issues. Counsel, this is Judge Reina. How do you respond to Fuji Films' argument regarding the rights that the foundation did not disclose this to the court or in this appeal? Well, first of all, that that was by a certificate of correction. First of all, it's not before this court on appeal. This was not an issue that was before the record below. And as they try to infer in their brief, they try to infer that this was something new. But the certificate of correction was available before they filed their not to raise it. So this is not an issue that should be before this court because they elected not to assert it, and it's therefore waived. But whatever the scope of any rights are, are undetermined or not before this court and should not be considered. But isn't it relevant to the rights that USO4 has in the pen? Well, I think that the ultimate issue in terms of whether or not the exclusive license grants, what right it grants to the foundation is what an issue. There's not any indication that the government would have any rights over and above or that would interfere with the research foundation's rights  as it was contemplated by the parties. Okay. Why don't we save the rest of your time for rebuttal and let's move on to opposing counsel. Thank you, Your Honor, and may it please the court. After alleging for nearly three years that it owned the 937 patent, the foundation is now trying to prove it is an exclusive licensee with an undated license that does not mention the patent. The foundation refuses to produce the invention disclosure form that it claims connects the license to the patent. The license purports to be effective retroactively to July 1997, but the foundation offered no evidence of when the license was executed. Well, wait a minute. Didn't the 30B6 witness expressly testify that the license was executed in advance of the suit? No, Your Honor, I don't believe that she did. She testified as a 30B6 witness, and we know that as a 30B6 witness she's not required to have personal knowledge. She testified that it was her understanding that it was executed before, and she then said she did not know when it was executed, but maybe sometime after 2014. She didn't know when it was executed. She did not know when it was executed, correct. Counsel, don't interrupt me. She did not know when it was executed, but she did know it was executed. She said she believed it was executed prior to the lawsuit being filed. So isn't it possible you don't know a precise date, but you know it's before such and such a date? Yes, that's absolutely possible, Your Honor. I don't believe that the witness testified with personal knowledge that she was. Why does she need to testify with personal knowledge? A 30B6 isn't a personal knowledge testimony. It is the knowledge of the company through a particular designated representative. So her testimony is that the company's position is that its collective knowledge is that it was executed prior to the suit. Why isn't that evidence that is relevant to this decision? Well, it may be relevant, Your Honor. I think that what I would focus on is that here, the Foundation has the burden of proof on these issues. And for them to come forward, and we were at the summary judgment stage. We filed a motion for summary judgment on this issue three years into the case. And for them to come forward in response to summary judgment, not with the documentation, not with an affidavit from a witness swearing under oath under personal knowledge of the date issue, but to focus on a 30B6 deposition testimony that we took that would not be admissible at trial under the Federal Rule of Civil Procedure 32A3, I don't think that meets their burden under the case law. Do you have any case law to support that? I mean, you're advocating for a per se rule that when a party has a burden to prove some fact on jurisdiction or standing, that they can't rely on a 30B6 declarance testimony. What is your basis for saying that? Well, I think that at the summary judgment stage, I think it is fair for the court to consider evidence that is submitted that is not directly on personal knowledge. Here, I think given the vast number of issues and concerns that we have concerning all of the various facts, that they were obliged to come forward with personal knowledge. I was not referring to specific case law. I understand this is your view, counsel, but I want to know if you have case law you can give me. I don't have case law that would require a witness to come forward on personal knowledge short of Rule 56 of the Rules of Civil Procedure, which requires that affidavits be presented or other evidence that's in admissible form. But I do think the court could consider 30B6 testimony where there was a genuine issue of dispute of fact at summary judgment. Counsel, I guess I'm sort of confused. I understand that you moved for summary judgment and this was at the summary judgment stage, but the court then declined to rule on summary judgment and instead ruled under 12H. So at the 12H stage, the Rule 12 motion, aren't we supposed to assume all facts alleged in the complaint in favor of the complainant? Your Honor, I heard the questioning to my friend as well on that point. I think when you're at the summary judgment, and I don't have case law directly on this other than the Supreme Court's decision in Lujan versus Defenders of Wildlife 504 U.S. 555, there they walked through the different stages where you can make findings and they talked about the pleading stage and then they talked about the summary judgment stage. Right, and I have it right in front of me and I'll read it to you. At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice for on a motion to dismiss, we presume that general allegations embrace those specific facts that are necessary to support the claim. I mean, it doesn't really matter that you file the summary judgment motion because that's not the standard under which this district court decided the case. Instead, he decided under a Rule 12 motion, which is a pleading stage proceeding. So how do I not apply that particular rule to this case given what the district court chose to do? And I think the answer to that, Your Honor, is that this was not a 12 motion. It was not a Rule 12 motion. It was a Rule 56 motion for summary judgment that the court then decided to address in the context of Rule 12H3, which, of course, allows the court to dismiss the case where it lacks personal jurisdiction, where it lacks subject matter jurisdiction. Counsel, I understand that you made a Rule 56 motion, but we're not reviewing a Rule 56 decision. We are reviewing a Rule 12H decision. So we have to apply whatever standard applies to Rule 12H, not Rule 56. We don't apply the standard for what you wish he had done. We apply the standard to what he actually did. I understand, Your Honor. And respectfully, what I was trying to say was the district court in deciding it under Rule 12H3, he considered all the evidence the parties had submitted in connection with the Rule 56 briefing. I don't believe here the court can give any deference to the allegations in the complaint where the allegations in the complaint are false. The allegations in the complaint say they own the patent. We know that to be false based on the same Rule 36 testimony that they would like to rely on. So I don't think that given that the evidence was submitted under a Rule 56 motion, even though the court sort of converted that to Rule 12H3, I don't believe you can give any weight to the allegations of the complaint. Now, if you could and if you had to in your Honor's decision under Rule 12, then you would not have well-pled allegations in this complaint because they are by the other side's own admission false. Counsel, I have a question for you about that. Are you taking the position that USFRF doesn't believe it's the owner of the patent by virtue of the fact that it was transferred all substantial rights in the patent? No, Your Honor. I think that the Foundation clearly believes and has argued that they are in effect a virtual assignee, as this court has used that term, by virtue of the fact that they believe they received all substantial rights under the patent through the license. Right. So isn't that a fair way to read their complaint, that they are saying they are the owner of the patent  Isn't that how I should read the complaint if I'm supposed to read it in their favor? Well, Your Honor, I don't think it should be read that way, and that's based on, frankly, it's based on the testimony of their own 30B6 designee who said that that exact language was incorrect and false and that they were not the owner of the patent by way of an assignment. Instead, they had an exclusive license. That witness did not testify at that deposition about all substantial rights. So based on the testimony of their own witness, I don't think it can be read that way, and I think it's appropriate to look to the actual allegations that they're attempting to make in the motion to amend that was submitted where they attempted to change those allegations to say that they were, in fact, an exclusive licensee with all substantial rights. With respect to... Counselor, this is Secretary Reynolds. So how do you suggest that we apply our case in Schwindeman regarding a reformation of contracts to the agreement here, the Nunk-Pro-Tunk agreement? Yes, Your Honor. Schwindeman is essentially a unique case because the standard that this court has articulated is that you cannot cure or create Article III standing by virtue of a Nunk-Pro-Tunk agreement that purports to be retroactive to an earlier date before the complaint was filed. Schwindeman is unique in the sense that it, in some ways, does that, but if you read Schwindeman, it actually reaffirms that standing cannot be created with a Nunk-Pro-Tunk agreement, and then they carve out what I think is a slightly different approach with respect to the facts in that case. And in Schwindeman, there was an earlier agreement that the court found had been modified by reformation under Minnesota state law, and they determined that because there was the earlier agreement that was incorrect based on a mutual mistake of the parties, that therefore that later agreement that was entered into by the parties to reform the earlier agreement was not, in fact, a violation of that Nunk-Pro-Tunk rule for Article III standing. Here, we don't have those facts, Your Honor. First of all, we don't have any evidence of a reformation, and that's in part probably because this issue was not raised below by the foundation. We don't have anything showing that there was a mutual mistake of the parties. They point to the revenue allocation agreement suggesting that was the earlier agreement, that somehow the license then reformed, and they don't exactly make the argument completely. They sort of suggest that there's a reformation here, but the revenue allocation agreement related to a different invention disclosure that was dated April 1997. The license references an invention disclosure dated July 1997. The terms of the license are also substantially different from the terms of that revenue allocation agreement, and if, in fact, the revenue allocation agreement was all the foundation needed, then you wouldn't have two subsequent assignments, one in 1998 and one in 2002, both of which purport to, you know, extend and assign different rights than was purportedly conveyed through that revenue allocation agreement. With respect to... Counsel, what do we do if we conclude that the district court made fact findings relevant to his jurisdictional assessment? How do we review those? If the district court made factual findings that are in dispute, those findings are reviewed for clear error, and that's the Abraxas case. It's 625 F. 3rd, 1359, and I'm looking at page 1363. And you think that's clear error despite this summary judgment motion that you filed? Well, Your Honor, Abraxas does not address the unique circumstances in our case. It makes clear that you're on de novo review, and then it makes a note about factual findings that are in dispute being reviewed for clear error. I actually agree with my friend. I don't believe there are necessarily facts that were disputed by the parties in the motions that were presented to the district court. I think what the court actually did was apply those undisputed facts to the law. Well, I'll tell you, I just don't know what to do with the 30B6 testimony because she testified as a 30B6 witness that the document was executed prior to the suit. And so I just don't know what to do with that. If I credit that, I reverse. Why do I not credit that at this stage in the process? Well, Your Honor, as I noted before, I don't believe that that testimony has enough certainty. I agree with the district court on this. I think he did get it right that it just wasn't delivered. His only comment about the testimony is it wasn't a matter of personal knowledge. And that can't be right because a 30B6 deponent doesn't have to testify as to personal knowledge. They're testifying as to corporate knowledge. Well, and that's true, Your Honor. I guess to your comment that if you were to credit it, you have to reverse, I don't agree with that for this reason. There's the second Article III issue here, Article III standing that is, that is with respect to the scope of the license. We have an invention disclosure form being referenced. Part of your problem with that, and look, I agree that there's an issue. I agree that when someone reserves for themselves both the right to sue and research rights, it creates a prudential standing problem for the exclusive licensee. I'm with you. You got me already. But the problem is what that really just allows for is a vacate and remand to cure that defect because, you know, the patent owner has itself joined lots of other suits, so that defect can be cured relatively easily with a vacate and remand and they bring in the patent owner and then everybody needs to be there, right? Yes, Your Honor. I agree with you. If the court were to find on the Article III constitutional standing issues that the court had both of those wrong but agreed that the court got the all-substantial rights statutory standing issue correct, then I think... When you said both of those wrong, I don't know what you mean by both of them wrong. They're only constitutional standing. I only know of one issue, right? What are both? What do you mean by both? Yes, Your Honor. So there were two issues presented that the district court found they lacked Article III standing on. The first, well, one of them was the one we talked about with the date. The second issue is that the license in question does not refer to the 937 patent. Instead, the license refers to a disclosure invention disclosure form dated July 97. There was no evidence to tie that to... I understand that argument. I'm sorry. I was just worried you were blending prudential and constitutional standing and I understand. I'm sorry. I think Judge Stoll has a question for you. I do. Thank you. I just was going to ask. I thought that, maybe I'm wrong, but I thought the 30B6 witness also addressed the scope of the license and explained that this license, by reference to a particular information disclosure statement, was in fact that that information disclosure statement did cover the patent in suit. Is that correct? Your Honor, that is not precisely correct. I think there's been some confusion on that point. The foundation actually quotes in its brief at ECF page 47. They quote to her testimony and say that she confirmed the connection between the license and the patent. However, if you look closely, they are quoting the district court's opinion at appendix page 34, which was the district court quoting their own brief. So that's not obviously evidence. What the witness actually testified about was not the license that's at issue. She was testifying about the 2002 assignment, which undoubtedly does reference the 937 patent because it refers to the application number. The problem is the disclosure form referenced in that document is undated and bears a different title than the one that is actually referred to in the license. Counsel, but doesn't it use the same USF identification number? It uses a similar number and there is evidence in the 30B-6 purporting to explain the difference in the number, which is the reference to PRC. I do agree with that, but there are four different documents that arguably refer to four different disclosure forms. And what is critical here is that under the court's decision in speed play, where there was a question about this issue, the court said to support an assertion that one has, in fact, exclusive rights under a license. The licensee must produce a written instrument documenting the transfer of proprietary rights in the patents. That has not happened here. They have a license that refers to a disclosure form. They refuse to produce the disclosure form because they say it's privileged, and then they want to supposedly point to deposition testimony where the witness discloses what that disclosure form is about. It's supposed to be privileged. That's using the privilege as a sword and a shield. That's not fair, and that's not how the system is supposed to work at the district court level or any level. I see that I'm past my time, Your Honors. I'm happy to answer any additional questions. I think that we have your argument. Okay, let's have the rebuttal time, please. How much rebuttal time does counsel have? Three minutes and 45 seconds. Perfect. Okay, thank you very much. Please proceed. Yes, thank you. Just a few points, Your Honors. I guess first I want to address the point that there's a question as to whether or not there's testimony in the record tying this unique disclosure number 97A015 to the 937 patent, and I refer the court to Appendix 358, and this is the testimony, again, of Ms. McDevitt in the earlier case, again, 30B6, making clear that with reference to 97A015, the question is, and that's a reference to the 937 patent, correct, answer correct. And as counsel did acknowledge, she did testify in her 30B6 deposition that each disclosure that the university receives receives a unique number. The date, in this case 97, followed sequentially by the number that's uniquely assigned to each disclosure, in this case 015. There are changes with respect, or additions with respect to the suffixes. For example, PR is added when a provisional application file is opened, and C is added when a utility is filed. So we've got the exclusive license as well as the revenue allocation agreement that also specifically identify that rights are being conveyed in that disclosure number to the University of South Florida Research. And then we've also got the assignment from the inventors in 2002 that expressly references 97A015PRC, again, tying that specific disclosure number along with the serial number of the application to the 937 patent as being what's transferred. So there is no dispute, no question in the record, that the disclosure, at least in our view, that 97A015 corresponds to the 937 patent. I'd also like to... Yes. I just have a quick question. Opposing counsel said something about how that testimony is relating to a different agreement. What is your response to that? At the time that that testimony was being taken, that was the exhibit that was being discussed, but the testimony isn't specific or limited to that agreement. The testimony is that that reference number corresponds to the 937 patent. And then the other testimony where she talks and confirms that each disclosure is assigned a unique reference number makes it clear that if you have that number, that number has to be tied to what ultimately became the 937 patent as corroborated by the revenue allocation agreement as well as the two licenses that also specifically tie that disclosure number to the 937 patent. Okay. Thank you. And the thing I would like to address is to the extent that the... I agree with the court that to the extent that the court determines that there are not all substantial rights that reside within the University of South Florida Research Foundation, that this decision should be vacated back to the Board Joinder of the University of South Florida. I thank both counsels. This case is taken under submission. The Honorable Court is adjourned until tomorrow morning at 10 a.m.